Louise Jackson EVANS et al., Appellants,

v.

Thomas H. NORTH et al., Appellees.

No. 13715.

Court of Civil Appeals of Texas.

San Antonio.

Jan. 18, 1961.

Knopp & Berry, San Antonio, for appellants.

Hoyo, Shelton & Height, San Antonio, for appellees.

MURRAY, Chief Justice.

This is an appeal from a judgment of the 45th District Court of Bexar County, Texas, wherein the last will and testament of Daniel Webster Jackson, deceased, was admitted to probate. The trial began before a jury, but at the close of the testimony the contestants moved for an instructed verdict, which was by the court overruled, and thereupon the proponents of the will moved for an instructed verdict, which was granted and judgment rendered accordingly. The contestants have prosecuted this appeal. Appellants are some of the heirs of the deceased, as well as minor beneficiaries under the will, and appellees are the principal beneficiaries under the will and are the proponents thereof.

By their first point the appellants present the contention that the court erred in denying appellants' motion for an instructed verdict, because appellees failed to prove execution of the will with all of the formalities required by law, and failed to show the will was declared by testator to be his last will and testament in the presence of the attesting witnesses.

The evidence shows that deceased was a man 77 years of age, who had been married twice but had no children. His only heirs were nieces and nephews. After the death of his second wife in 1951, deceased asked Mrs. Kay North to come and live with him, take care of him, and assist him to run his wood yard, which she did. Her husband, Thomas H. North, also assisted her in this undertaking. In 1954, the now deceased testator told Kay North he would like to make a will, so she telephoned John C. Hoyo, (deceased at the time of the trial) a reputable lawyer of San Antonio, who afterwards became a district judge, and asked him to come out to deceased's home, which he did, and prepared the instrument here tendered for probate. It was shown that Mr. Hoyo read the will to testator and he said it was all right. The two witnesses were called into the room where testator signed by making his mark, and the instrument recites: "The foregoing instrument was subscribed in our presence by Daniel Webster Jackson, who declared in our presence that the same was his Last Will and Testament,

and we, the undersigned, at his request, in his presence and in the presence of each other, subscribe our names hereto as attesting witnesses, this 2nd day of November, A.D.1954." Then follow the names of O. J. Tatum and C. M. Hockley as subscribing witnesses. Both of these witnesses testified in person and positively identified their signatures, but they did not read the will and did not know of its contents. John C. Hoyo, Esq., was present and supervised the execution of the will. There is some confusion as to who called the witnesses in, and who asked them to sign, or whether the testator told them that it was his will, or only that it was an instrument that he wanted them to sign as witnesses. There is nothing to materially contradict the written statement found above the signatures of the witnesses, and under the facts and circumstances here shown, it appears that the will was executed with all the formalities required by law, and that the testator did declare the instrument to be his last will and testament. Art. 3348 R.C.S., now § 88, Texas Probate Code, V.A.T.S.; 44 Tex.Jur. p. 632, § 89, and p. 633, § 90.

Appellants' next point is that appellees failed to prove or show the will had not been revoked. We overrule this contention. All the facts surrounding the execution of the will, together with the fact that some four years later it was found in his lock-box at the bank, was sufficient, in the absence of anything to the contrary, to show that the will had never been revoked. 44 Tex.Jur. p. 636, § 94.

Appellants next contend that the court erred in granting appellees' motion for instructed verdict because the evidence raised an issue of fraud and undue influence. There is no evidence that at the time the will was executed, under the supervision of John C. Hoyo, Esq., there was any fraud, or that anyone was exercising any undue influence on testator. Cloudt v. Hutcherson, Tex.Civ.App., 175

S.W.2d 643; Whitney v. Murrie, Tex.Civ. App., 264 S.W. 270; 44 Tex.Jur. p. 565 § 24.

The judgment is affirmed.